Filed
8/4/2021 12:40 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2021CCV-60892-4

| | | |
|---|---|---|
| DANIEL ADAME, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| | § | |
| PETSMART, LLC., | § | |
| Defendants. | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff **DANIEL ADAME** ("Plaintiff"), and complains of Defendants, **PETSMART, LLC** ("Defendants"), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff **DANIEL ADAME** is an individual residing in Nueces County, Texas.

3. Defendant **PETSMART, LLC** is a foreign liability company authorized to do business in the State of Texas, who may be served with process by serving its registered agent, Corporate Creations Network Inc., 5554 Westheimer #1000 Houston, Texas 77056.

4. Defendant **JOHN DOE** is a foreign liability company authorized to do business in the State of Texas, who address is unknown at this time.



## III.
## JURISDICTION AND VENUE

5.     Venue in Nueces County is proper in this cause under the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or substantial part of the events or omissions giving rise to this claim occurred in Nueces County.

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     The damages sought are within the jurisdictional limits of the court.

8.     This Court has jurisdiction over the parties named herein because the Defendants are residents and/or citizens of the State of Texas and/or regularly conduct or do business in the State of Texas.

9.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for monetary relief over $1.000,000.00 in order to allow the jury to exercise its discretion in awarding damages.

## IV.
## FACTS

10.     On or about July 10, 2020, Plaintiff **DANIEL ADAME** was a customer at **PETSMART**, 5214 Blanch Moore, Corpus Christi, Texas 78411, and was seriously injured when he fell as a result of puddle of water that was onto the floor causing an extremely dangerous condition. At the time of Plaintiff's fall there were no warnings present at the location of the wet floor. Inadequate cleaning contributed to the wet floor which further made the ground a safety and slipping hazard. **John Doe**, manager of the **PETSMART, LLC** store had a duty to Plaintiff to protect her from an unreasonable risk of harm created by the puddle of water, and he breached his duty by allowing the extremely dangerous condition to exist. As a result, Plaintiff sustained injuries

to his body, including, but not limited to a broken leg, as more fully set forth in the medical records of her treatment after this fall. The unreasonably dangerous condition resulting on Defendant's premises proximately caused Plaintiff's injuries and the need for the medical treatment she subsequently received. Plaintiff **DANIEL ADAME's** bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous conditions described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

V.

## CAUSES OF ACTION
## DEFENDANT PETSMART, LLC

### A.  *PREMISES LIABILITY*

11.     On or about July 10, 2020, Defendant **PETSMART, LLC** was in possession of the premises located at 5214 Blanch Moore, Corpus Christi, Texas 78411, which forms the basis of this suit. The Plaintiff was a customer at the Defendant's premises with Defendant's knowledge and for the economic benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. However, Defendant breached its duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Defendant's breach of said duties proximately caused the injuries set forth herein.

12.     Specifically, Defendant did not safeguard the premises as set forth hereinabove. Further, Plaintiff was injured because Defendant was negligent in:

a) Failing to properly inspect and maintain the wet floor in question to discover the dangerous condition.

b) Failing to maintain the wet floor in a reasonably safe condition;

c) Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the wet floor, i.e., no warning signs, tape or barriers;

d) Failing to clean and dry the wet floor at-issue; and

e) Failing to discover and remove the spilled hand sanitizer causing Plaintiff's violent fall within a reasonable time.

13.     The Defendant's acts and/or omissions were negligence and the proximate cause of the incident and the Plaintiff's injuries and damages.

## B.     RESPONDEAT SUPERIOR

14.     At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant's agents, servants, and employees negligently permitted the dangerous hole in the dog park, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the unsafe condition of the dog park. This condition existed despite the fact Defendant or Defendant's agents, servants, and employees knew or should have known of the existence of the condition and that there was a likelihood of a person being injured, as occurred to Plaintiff. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior*.

15.     Each and all of the foregoing acts and/or omissions of the agents, servants, and employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

VI.

## CAUSES OF ACTION
## DEFENDANT JOHN DOE

16.     **Defendant John Doe** conduct constituted negligent behavior because he/she violated the duty which he/she owed the Plaintiff to exercise ordinary in one or more of the following respects:

   a.     in failing to properly place the hand sanitizer so that it would not spill on the floor and cause Plaintiff to fall;

   b.     in failing to properly and safely inspect the area where the Plaintiff fell; and

   c.     In failing to warn the Plaintiff of the dangerous condition he allowed to be created.

17.     Plaintiff's injuries were proximately caused by Defendant **John Doe's** negligent, careless, and reckless disregard of its duty of reasonable care.

18.     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life, and the damage and other losses to Plaintiff.

## VI.
## DAMAGES

19.     As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **DANIEL ADAME** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the fall. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As

a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future. physical pain and mental anguish.

20.    As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

21.    By reason of all of the above, Plaintiff **DANIEL ADAME** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

22.    Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

23.    Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

       a.    Reasonable medical care and expenses in the past;

       b.    Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

       c.    Physical pain and suffering in the past;

       d.    Physical pain and suffering which will, in all reasonable probability, be suffered in the future;

       e.    Physical impairment and disability in the past;

       f.    Physical impairment and disability, which will. in all reasonable probability be suffered in the future;

       g.    Loss of wages in the past;

h.   Loss of past and future earning capacity;

i.   Mental anguish in the past;

j.   Mental anguish which will, in all reasonable probability, be suffered in the future;

k.   Physical disfigurement in the past which will, in all reasonable probability, be suffered in the future;

l.   Cost of medical monitoring and prevention in the future; and

m.   Exemplary damages.

## VII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

24.   Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## VIII.
## REQUEST FOR DISCLOSURE

25.   Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## IX.
## JURY DEMAND

26.   In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and requests that this cause be set on the Court's Jury Docket. In support of her application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages

Case 2:21-cv-00191  Document 1-2  Filed on 08/30/21 in TXSD  Page 8 of 11

as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted.

THE LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, TX 78401
Phone: (361) 985-0600
Fax: (361) 985-0601

Stephen Bechtol
State Bar No. 24078215
*Attorneys for Plaintiff*
*E-Service: ...
*Service by email to this address only

Plaintiff's Original Petition and Request for Disclosure                    Page 8

Filed
8/25/2021 11:06 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2021CCV-60892-4

DANIEL ADAME

§ IN THE COUNTY COURT
§
§
§ AT LAW #4
§
§

VS.

PETSMART LLC and JOHN DOE

§ NUECES COUNTY, TEXAS

## DEFENDANT PETSMART LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

PETSMART LLC ("PetSmart") files this Original Answer to the Plaintiff's Petition and would show the Court the following:

I.

PetSmart asserts a general denial and requests the Court to require the Plaintiff to prove his allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

II.

Pleading further, PetSmart would show that the incident in question was proximately caused by the negligence of Daniel Adame in that he was not, apparently, watching where he was stepping at the time of the incident in question. PetSmart, therefore, pleads contributory negligence, comparative responsibility or sole responsibility on Mr. Adame's part as an affirmative defense to this matter.

III.

Pleading further, pursuant to Texas Civil Practice & Remedies Code Section 41.0105, Mr. Adame should be limited as far as medical bills are concerned [in the unlikely event of any recovery in this case by Mr. Adame] to the amounts of his medical bills that were actually "paid

1

or incurred" per this statute. The amounts of Mr. Adame's medical bills that were written off or adjusted down by her healthcare providers (or that could not be collected by the providers per the Medicare/Medicaid statutes) should not be collected by Mr. Adame per this statute [again, in the unlikely event of any recovery in this case by Mr. Adame].

## Jury Demand

PetSmart demands a trial by jury and pays the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, PetSmart prays that the Plaintiff take nothing by this lawsuit, and that PetSmart be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which PetSmart may show itself justly entitled.

Respectfully submitted,

/S/ William H. Luck, Jr.

By:

William H. Luck, Jr.
TB# 12666450
1412B Stonehollow Dr.
Houston, Texas 77339
(281) 358-7611
(281) 358-0299 (Fax)
Bill.Luck@sbcglobal.net

ATTORNEY FOR
PETSMART LLC

## CERTIFICATE OF SERVICE

In accordance with Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served via eserve on this the 25th day of August 2021 to all attorneys of record.

/S/ William H. Luck, Jr.

William H. Luck, Jr.

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

William Luck, Jr. on behalf of William Luck, Jr.
Bar No. 12666450
bill.luck@sbcglobal.net
Envelope ID: 56636751
Status as of 8/29/2021 5:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Bechtol | 24078215 | Sbechtol-svc@tjhlaw.com | 8/25/2021 11:06:17 AM | SENT |
| William HLuck, Jr. | | bill.luck@sbcglobal.net | 8/25/2021 11:06:17 AM | SENT |