IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DANIEL ADAME,** *Plaintiff,* | § § § | |
| VS. | § § | CIVIL ACTION #: 2:21-CV-00191 |
| **PETSMART LLC, ET AL.** *Defendants.* | § § § | |

**PLAINTIFF'S AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff **DANIEL ADAME ("**Plaintiff"), and complains of Defendants, **PETSMART, LLC and REGINA LANGER** ("Defendants"), and for cause of action would respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiff **DANIEL ADAME** is an individual residing in Nueces County, Texas.

2. Defendant **PETSMART, LLC** is a foreign liability company authorized to do business in the State of Texas, who has made an appearance and does not require service at this time.

3. Defendant **REGINA LANGER** is an individual residing in Nueces County, Texas who may be served with process at her residence of 6425 Aspenwood, Corpus Christi, Texas 78412.

## II.

## STATEMENT OF JURISDICTION AND VENUE

4. Venue in Nueces County is proper in this cause under the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or substantial part of the events or omissions giving rise to this claim occurred in Nueces County and there is no diversity of citizenship between the parties.

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. The damages sought are within the jurisdictional limits of the court.

7. This Court has jurisdiction over the parties named herein because the Defendants are residents and/or citizens of the State of Texas and/or regularly conduct or do business in the State of Texas.

8. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00 in order to allow the jury to exercise its discretion in awarding damages.

## III.

## SUMMARY OF FACTS

9. On or about July 10, 2020, Plaintiff **DANIEL ADAME** was a customer at **PETSMART**, 5214 Blanch Moore, Corpus Christi, Texas 78411, and was seriously injured when he fell as a result of a puddle of water that was on the floor. Defendant **REGINA LANGER** and employee of **PETSMART, LLC,** spilled the water on the floor while netting fish which caused the extremely dangerous condition. At the time of Plaintiff's fall there were no warnings present

at the location of the wet floor. Inadequate cleaning contributed to the wet floor which further made the ground a safety and slipping hazard. **PETSMART, LLC** had a duty to Plaintiff to protect him from an unreasonable risk of harm created by the puddle of water, and they breached their duty by allowing the extremely dangerous condition to exist. As a result, Plaintiff sustained injuries to his body, including, but not limited to a neck and back injuries, as more fully set forth in the medical records of his treatment after this fall. The unreasonably dangerous condition resulting on Defendant's premises proximately caused Plaintiff's injuries and the need for the medical treatment he subsequently received. Plaintiff **DANIEL ADAME's** bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous conditions described above, which Defendant **REGINA LANGER** caused and which Defendant **PETSMART, LLC** knew or, in the exercise of ordinary care, should have known existed.

IV.

## CAUSES OF ACTION
## DEFENDANT PETSMART, LLC

A. **COUNT I - PREMISES LIABILITY**

10. On or about July 10, 2020, Defendant **PETSMART, LLC** was in possession of the premises located at 5214 Blanch Moore, Corpus Christi, Texas 78411, which forms the basis of this suit. The Plaintiff was a customer at the Defendant's premises with Defendant's knowledge and for the economic benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. However, Defendant breached its duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the

condition reasonably safe. Defendant's breach of said duties proximately caused the injuries set forth herein.

**11.** Specifically, Defendant did not safeguard the premises as set forth hereinabove. Further, Plaintiff was injured because Defendant was negligent in:

a) Failing to properly inspect and maintain the wet floor in question to discover the dangerous condition.

b) Failing to maintain the wet floor in a reasonably safe condition;

c) Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the wet floor, i.e., no warning signs, tape or barriers;

d) Failing to clean and dry the wet floor at-issue; and

e) Failing to discover and remove the spilled water that caused Plaintiff's violent fall within a reasonable time.

**12.** The Defendant's acts and/or omissions were negligence and the proximate cause of the incident and the Plaintiff's injuries and damages.

**B.    COUNT II - RESPONDEAT SUPERIOR**

**13.** At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant's agents, servants, and employees negligently permitted the dangerous condition, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the unsafe condition of the wet floor. This condition existed despite the fact Defendant or Defendant's agents, servants, and employees knew or should have

known of the existence of the condition and that there was a likelihood of a person being injured, as occurred to Plaintiff. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior.*

14. Each and all of the foregoing acts and/or omissions of the agents, servants, and employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

V.

**CAUSES OF ACTION**
**DEFENDANT REGINA LANGER**

C. *Count III - Negligence*

15. **Defendant REGINA LANGER's** conduct constituted negligent behavior because she violated the duty which she owed the Plaintiff to exercise ordinary in one or more of the following respects:

    a. in spilling water on the floor and causing Plaintiff to fall;

    c. in failing to properly and safely inspect the area where the Plaintiff fell; and

    d. In failing to warn the Plaintiff of the dangerous condition he allowed to be created.

16. Plaintiff's injuries were proximately caused by Defendant **REGINA LANGER's** negligent, careless, and reckless disregard of her duty of reasonable care.

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the injuries and other losses

as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life, and the damage and other losses to Plaintiff.

### D. COUNT IV – GROSS NEGLIGENCE OF REGINA LANGER

18. Defendant **REGINA LANGER's** negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant **REGINA LANGER's** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **REGINA LANGER's** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff and others similarly situated.

19. **Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* and gross negligence which proximately caused the** fall **and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of** his **natural li**fe**.**

## VI.
## DAMAGES

20. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff **DANIEL ADAME** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the fall. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

21. As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention in the past and may incur medical expenses in the future to treat his injuries.

22. By reason of all of the above, Plaintiff **DANIEL ADAME** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

23. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

24. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

    a. Reasonable medical care and expenses in the past;

    b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering which will, in all reasonable probability, be suffered in the future;

    e. Physical impairment and disability in the past;

    f. Physical impairment and disability, which will, in all reasonable probability be suffered in the future;

    g. Loss of wages in the past;

    h.    Loss of past and future earning capacity;

    i.    Mental anguish in the past;

    j.    Mental anguish which will, in all reasonable probability, be suffered in the future;

    k.    Physical disfigurement in the past which will, in all reasonable probability, be suffered in the future;

    l.    Cost of medical monitoring and prevention in the future; and

    m.    Exemplary damages.

## VII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

25. Plaintiff seeks prejudgment and post-judgment interest as allowed by law.

## VIII.
## REQUEST FOR DISCLOSURE

26. Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## IX.
## JURY DEMAND

27. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and requests that this cause be set on the Court's Jury Docket. In support of her application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

# X.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361- 985-0600
Facsimile: 361-985-0601

By: /s/*Stephen F. Bechtol*
**Stephen F. Bechtol**
State Bar No. 24078215
So. Dist. TX. Bar. No.: 3441001
*Attorneys for Plaintiff*
**\*email:** sbechtol-svc@tjhlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing instrument was served on each attorney of record in accordance with the Rules of Civil Procedure by e-mail and/or e-service to the following on this the 11th day of February, 2022.

**VIA E-MAIL:** Bill.Luck@sbcglobal.net
William H. Luck, Jr.
Texas Bar # 12666450
Federal No. 6070
1412B Stonehollow Dr.
Houston, Texas 77339
(281) 358-7611
(281) 358-0299 (Fax)

ATTORNEYS FOR DEFENDANT PETSMART LLC

                              */s/Stephen Bechtol*
                              Stephen Bechtol