Case 2:21-cv-00191 Document 19 Filed on 03/15/22 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
March 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DANIEL ADAME, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00191 |
| § | |
| PETSMART LLC, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION
TO REMAND THIS CASE TO STATE COURT**

This is a personal injury suit where Plaintiff, a resident of Nueces County, Texas, alleges he fell as a result of a puddle of water on the floor while shopping at PetSmart, causing him to suffer severe bodily injuries. In addition to claims against PetSmart, Plaintiff makes allegations in his original complaint against a John Doe store manager involving negligence. (D.E. 1-2). On August 30, 2021, the case was removed from the County Court at Law No. 4 of Nueces County, Texas, and it is before this Court on diversity jurisdiction. (D.E. 1). It was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. (D.E. 7).

An initial pretrial conference was held, and a scheduling order was entered, on November 18, 2021. (D.E. 6). On February 11, 2022, Plaintiff filed an Amended Complaint naming Regina Langer, a resident of Nueces County, Texas, asserting she, as an employee of PetSmart, spilled the water on the floor while netting fish. (D.E. 10, Page

2).  Accordingly, Plaintiff has alleged premises liability and respondeat superior claims against PetSmart and negligence and gross negligence claims against Langer.  (D.E. 10). The same day, Plaintiff filed the pending Motion to Remand as both Plaintiff and Langer are citizens of Texas and therefore, there is no longer complete diversity between all parties.  (D.E. 11).

PetSmart filed a Response and Opposed Motion to Strike Pleading on March 2, 2022.  (D.E. 17).  PetSmart asserts the Amended Complaint was filed in violation of Federal Rule of Civil Procedure 15 and should be stricken.  Further, PetSmart argues any request for leave to file an amended complaint, if filed, should be denied.  PetSmart also asserts Langer was fraudulently joined to defeat diversity.  On March 9, 2022, Plaintiff filed a Motion for Leave to Amend Pleadings and a Reply to Defendant's Response to Remand.  (D.E. 18).

For the following reasons, the undersigned recommends PetSmart's Motion to Strike be **DENIED**. (D.E. 17).  The undersigned further recommends Plaintiff's Motions for Leave to Amend and to Remand be **GRANTED**.  (D.E. 11 and D.E. 18).  The undersigned also recommends the Unopposed Motion to Amend Scheduling order be **DENIED as moot** if this M & R is adopted and the case is remanded.  (D.E. 16).

I.  **THE AMENDED COMPLAINT**

The undersigned first addresses Defendant's Motion to Strike Plaintiff's Amended Complaint and Plaintiff's Motion for Leave to Amend Pleadings.  (D.E. 17 and D.E. 18). The deadline for amendment of pleadings was February 1, 2022.  (D.E. 6).  Further, the

scheduling order specifically states, "[t]his provision does not relieve the parties from the requirement of obtaining leave to file the pleading or add parties whenever required by the Federal Rules of Civil Procedure (e.g., Fed. R. Civ. P. 15(a)(2))."[1] (D.E. 6, Page 1). Plaintiff filed his First Amended Complaint on February 11, 2022 and did not obtain Defendant's consent or the Court's leave. (D.E. 10). However, Plaintiff has now requested the Court's leave, and the undersigned recommends this request be granted, especially as the amended complaint was filed shortly after the amendment deadline, the discovery deadline has not expired and trial is not set until August 15, 2022. (D.E. 6). *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (A district court should use its discretion in deciding whether to allow a nondiverse party to be added and "should scrutinize that amendment more closely than an ordinary amendment.")[2] Further, having considered Defendant's interest in the choice of forum, the purpose and timing of the amendment, injury to Plaintiff if the amendment is not allowed and other equitable considerations, the undersigned concludes the amended complaint should be allowed. *Id*. While Plaintiff may have been slightly dilatory in filing the amended complaint to specifically name Langer

---

[1] This section provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

[2] The undersigned notes it is questionable as to whether the *Hensgens* case applies to the facts here. In *Hensgens*, there was an attempt to add a new non-diverse defendant after removal whereas here, Plaintiff originally named a John Doe defendant as an employee of PetSmart and has now substituted a name, Langer, after learning the name through discovery. Arguably, no new parties were added here by the amended complaint and instead, Plaintiff is identifying the name of an original defendant whose identity was not previously known. However, the undersigned has fully considered the *Hensgens* factors, as have other courts where 28 U.S.C. § 1447(e) controls.

instead of the "John Doe" as listed in the original complaint, it has minimal effect on this proceeding given the deadlines discussed above.³ Additionally, it is clear Plaintiff intended to sue the individual employee responsible for the water on the floor since this case was filed in state court and therefore, it cannot be said that the adding Langer is solely an attempt to now defeat diversity. Additionally, for the reasons stated below, the undersigned believes remand is appropriate because Plaintiff has alleged a reasonable basis for his claims against Langer. Plaintiff should not be forced to conduct two separate cases to seek relief for one fall. Therefore, Defendant's Motion to Strike Plaintiff's Amended Complaint and to preemptively deny any request for leave should be **DENIED** and Plaintiff's Motion for Leave to Amend be **GRANTED**. (D.E. 17 and D.E. 18). Accordingly, "[i]f [the court] permits the amendment of the nondiverse defendant, it must remand to the state court." *Hensgens*, 833 F.2d at 1182. However, the undersigned has further considered Plaintiff's Motion to Remand below.

---

³Plaintiff's original complaint contains several errors. (D.E. 1-2). For example, Plaintiff lists John Doe as a foreign liability company (D.E. 1-2, Page 1) while later listing John Doe as an employee of PetsMart, more specifically as the manager. (D.E. 1-2, Pages 1 and 2). Further, Plaintiff is referred to as "she" and "her" as well as "he" and "his" throughout the complaint. Additionally, in the respondeat superior claim, instead of slipping on a puddle of water in the store, there is a claim for injury resulting from a "dangerous hole in the dog park" and "unsafe condition of the dog park." (D.E. 1-2, Page 4). Further, it is unclear what Plaintiff alleges his slipped on as Plaintiff first asserts it was a puddle of water and later asserts it was spilled hand sanitizer. (D.E. 1-2, Pages 2, 4 and 5). These inconsistencies are cleared up by Plaintiff's Amended Complaint. (D.E. 10).

## II. REMAND

### A. Standard

Removal statutes are to be construed strictly against removal and for remand. *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) *(*citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (other citations omitted)). The purported basis for removal in this case, diversity jurisdiction, requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1332 and 1441. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Narvaiz v. Wal-Mart Stores Texas, L.L.C, et al*, No. 2:13-cv-195, 2013 WL 4677811, at *1 (S.D. Tex. Aug. 30, 2013) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574-75 (5th Cir. 2004) ("[T]he burden on the removing party is to prove that the joinder of the in-state parties was improper-that is, to show that sham defendants were added to defeat jurisdiction.")). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Id*. (citing *Crockett v. R.J. Reynold Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)) (other citations omitted). The first, actual fraud, is not at issue in this case. (D.E. 17, Page 3) ("PetSmart is certainly not accusing Mr. Adame of 'fraud' with this proposed amendment (and 'improper joinder' may certainly be a better term than 'fraudulent joinder'"). For the second, the Court must decide "whether the defendant has demonstrated that there is no possibility of recovery by the

plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573).

The state pleading is evaluated pursuant to state substantive law to determine whether the plaintiff has stated a viable claim against the non-diverse defendant, resolving all "factual allegations in the light most favorable to the plaintiff," "resolving all contested issues of substantive fact in favor of the plaintiff," and resolving "all ambiguities in the controlling state law in the plaintiff's favor." *Narvaiz*, 2013 WL 4677811, at *1 (citing *Guillory*, 434 F.3d at 308) (other citations omitted). Without determining whether plaintiff will prevail on the merits, the Court looks "only for a possibility that the plaintiff might do so." *Id*. If a defendant fails to establish improper joinder, the Court must remand the case for lack of subject matter jurisdiction as complete diversity is not present. *Narvaiz*, 2013 WL 4677811, at *1 (citing 28 U.S.C. §§ 1332, 1447(c)).

**B.     Analysis**

The Motion to Remand requires this Court to determine, using the standard above, whether Plaintiff has a reasonable basis for recovering on his claims against Langer. "Under Texas law, '[a] negligence cause of action has three elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from that breach.'" *Neubauer v. Logan's Roadhouse of Texas, Inc.*, No. L-09-81, 2009 WL 4263471, at *3 (S.D. Tex. Nov. 24, 2009) (Plaintiff who alleged employee either caused standing water in the

6 / 12

bathroom or intentionally disregarded the hazardous condition had alleged facts providing a reasonable basis for Plaintiff to recover on a negligence claim against that employee after Plaintiff slipped in the water and was injured).

Under Texas law, liability against an individual employee arises only when that employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Narvaiz*, 2013 WL 4677811, at *2 (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2008 WL 4844206, at *5 (S.D. Tex. Nov. 3, 2008) (Employee did not owe customer an independent duty of care because the employee's actions were within the course and scope of employment); and *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (In premises liability cases, liability against an individual employee arises only when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty). By way of example, the *Leitch* Court observed that an employee "whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment" because the employee has an independent duty of reasonable care to the general public while driving "regardless of whether the auto accident occurs while driving for the employer." *Leitch*, 935 S.W.2d at 117 (citations omitted); *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 723-24 (S.D. Tex. 2016) (Finding employee could be personally liable for tortious conduct in which she participates during the course of employment, which included removing a shampoo bottle from the scene of a spill and subsequent fall without cleaning or otherwise marking the

area thereby increasing the plaintiff's risk of harm by removing the only visual indication of the spill). In short, an independent duty arises when the employee is alleged to have created a dangerous environment and then that employee takes no steps to remedy or warn about the alleged hazardous condition before a third party is injured. *Garcia v. Nordex USA, Inc.*, No. 1:19-cv-187, 2019 WL 100930931, at *4 (S.D. Tex. Dec. 10, 2019) (citing *Richardson*, 192 F.Supp.3d at 719).

      Here, Plaintiff has alleged facts which involve a breach of duty by Langer separate and apart from that owed by the store. *Narvaiz*, 2013 WL 4677811, at *2 (Finding Wal-Mart store manager was improperly joined, and therefore was not a non-diverse defendant, because Plaintiff did "not allege[] facts to implicate a breach of duty by the store employee separate and apart from that owed by the store."); *Solis v. Wal-Mart Stores East, L.P.*, 617 F.Supp.2d 476, 480-81 (S.D. Tex. 2008) (Joinder of department manager to defeat diversity jurisdiction in premises liability action where Plaintiff slipped and fell was improper as "there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties" when that store manager did not actively participate in the act or omission causing plaintiff to be injured, namely the "slimy" substance on the floor); *Puente v. Texas Roadhouse Holdings, LLC*, No. 1:13-cv-181, 2014 WL 12617817, at * 5 (S.D. Tex. July 15, 2014) (Listing cases finding same, holding that restaurant manager was improperly joined as state court petition did not allege "any separate actionable participation.") Plaintiff has alleged facts sufficient to support a conclusion that, under applicable Texas law, Langer owed him a duty of care

independent of PetSmart's duty to use reasonable care in keeping its premises safe for invitees. Every duty Plaintiff alleges Langer breached derives from her personal participation in creating the alleged dangerous condition which caused Plaintiff's alleged injuries. *Gonzalez v. Wal-Mart Stores Texas, LLC et al*, No. 2:13-cv-65, 2013 WL 1827924, at *1-2 (S.D. Tex. Apr. 30, 2013) (Remanding case finding the plaintiff may be able to establish cause of action under Texas law against non-diverse individual employees who personally participated in the inspection and service of Plaintiff's car prior to alleged tire failure and rollover accident); *Neubauer*, 2009 WL 4263471, at *4 (Considering *Keetch v. Kroger Co.*, 845 S.W. 2d 262 (Tex. 1992), the Court found plaintiff could maintain a claim against the individual restaurant employee who created the standing water in the bathroom stall where plaintiff slipped and was injured as the employee owed a separate duty to Plaintiff).[4] Langer is alleged to have had personal involvement in the facts surrounding Plaintiff's fall and injury and a duty to Plaintiff separate and apart from her

---

[4]Citing to *Keech*, the defendants argued, similar to PetSmart here, that plaintiffs could not proceed with a premises liability claim against the individual employee because the individual employee was not an owner or occupier of the restaurant when the incident occurred and could also not proceed because the petition did not allege the employee's acts occurred contemporaneously. The Court determined defendants had misconstrued plaintiffs' claims as it was clear plaintiffs had presented only a pure negligence claim against the individual employee who created the standing water on the floor, not one of negligent activity which is a theory of recovery for a premises liability causes of action along with premises defect. Accordingly, the Court concluded *Keetch*, which was a premises liability case, was inapplicable because a negligent activity claim, which requires a person to have been injured by or as a contemporaneous result of the activity rather than by a condition created by the activity, was distinct from a pure negligence claim as alleged by the plaintiffs. *Neubauer*, 2009 WL 4263471, at *4 (citing *Keech*, 845 S.W.2d at 264) (Finding Defendants contention that plaintiffs cannot proceed with a negligence claim without also alleging the element of contemporaneousness was without merit as that is required only for premises liability negligent activity claims against the property owner or occupier).

employment. (D.E. 10). She is alleged to have created the puddle on the floor by spilling water while netting fish creating the hazardous condition and, accordingly, having a corresponding duty to Plaintiff. (D.E. 10).[5] Further, the amended petition alleges Plaintiff suffered injuries as a direct result of falling in this puddle of water and that the fall was proximately caused by the dangerous condition of a wet floor. These alleged facts provide a reasonable basis to predict that Plaintiff may be able to recover on a negligence claim. *Monreal v. Walmart*, No. 2:21-cv-278, 2022 WL 500588, at *2 (S.D. Tex. Feb. 18, 2022) (Finding an employee may have individual negligence liability "if the employee engages in conduct that causes, or knowingly fails to prevent, a plaintiff's injury," including if the employee "made the floor unreasonably slippery, both [the employee] and his employer could be sued for their respective relationships to the injury"). The allegations here against Langer are not based solely on her "status as an employee to act generally on behalf of [her] employer," rather, she is alleged to have owed a "specific independent duty to the plaintiff" because she herself created the alleged hazardous condition and then did nothing to remedy the situation. *Id*. Accordingly, the undersigned recommends Langer was properly joined. The undersigned further recommends that as the properly joined parties are not diverse, Plaintiff's Motion to Remand should be **GRANTED**. (D.E. 11).

---

[5]It appears the parties do not dispute that Langer caused the puddle of water on the floor, instead disagreeing as to whether Langer can be held individually liable for Plaintiff's fall and whether a dangerous condition was created. (D.E. 11-4) (Incident report where Langer stated she caught and bagged the fish selected by Plaintiff causing water to fall on the floor as she did so); (D.E. 17, Pages 2 and 4).

## III.  RECOMMENDATION

For the reasons stated above, the undersigned recommends PetSmart's Motion to Strike be **DENIED**. (D.E. 17).  The undersigned further recommends Plaintiff's Motions for Leave to Amend and to Remand be **GRANTED**.  (D.E. 11 and D.E. 18).  The undersigned also recommends the Unopposed Motion to Amend Scheduling order be **DENIED as moot** if this M & R is adopted and the case is remanded.  (D.E. 16).

RESPECTFULLY SUBMITTED on March 15, 2022.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).